Theodore L. Hecht (TH-5497)
Schnader Harrison Segal & Lewis LLP
140 Broadway, Suite 3100
New York, New York 10005-1101
Phone No.: (212) 973-8000
Fax No.:    (212) 972-8798
E-mail: thecht@schnader.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CLUES FASHIONS, INC.,

           Plaintiffs,

- against -

COSTCO WHOLESALE CORP.,

           Defendant.
-----------------------------------------------------------------X

**DECLARATION OF TAMMI LAUSH IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR TRANSFER VENUE; OR, ALTERNATIVELY, STAY THE ACTION**

08-CV-6146 (GBD)(HP)

       I, TAMMI LAUSH, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury, that the following is true and correct:

       1.    I am a Corporate Buyer (Non-Foods) of the defendant Costco Wholesale Corp. ("Costco"). I base this declaration upon personal knowledge and the business records in the files of Costco.

       2.    Costco is a corporation incorporated under the laws of the State of Washington with its principal place of business in Issaquah, Washington.

       3.    Attached hereto as Exhibit A is a true copy of a Vendor Agreement dated September 20, 1996 between Clues Fashions, Inc. and Costco.

PHDATA 3106470_1

4. Attached hereto as Exhibit B is a true copy of the Summons and Complaint served by Clues Fashions, Inc.

5. The foregoing exhibits are referred to in Costco's accompanying Memorandum of Law.

WHEREFORE, for the reasons set forth above and in defendant Costco's Memorandum of Law submitted herewith, it is respectfully requested that Costco's motion to dismiss the action or transfer venue, or alternatively, stay the action pending arbitral award, be granted, together with such other and further relief as this Court may deem just and proper.

Executed on July 8, 2008

_____
TAMMI LAUSCH

Exhibit A

Date: **Sept. 20, 1996**    CLUES    Vendor A/P No. **6740-00**
Dept. No. **31**

## VENDOR AGREEMENT (BASIC)

_Clues_ ("Vendor") and both The Price Company and Costco Wholesale Corporation (both referred to as "PriceCostco") agree that:

A. **Agreement Documents.** All sales and deliveries of all products by Vendor to PriceCostco (or other purchaser under paragraph C below), and all purchase orders by PriceCostco to Vendor, will be covered by and subject to the terms of each of the following documents (collectively the "Agreement Documents"):

- This Vendor Agreement;

- The attached PriceCostco Standard Terms, as they may be amended from time to time ("Standard Terms"); and

- Each Vendor Purchase Program Agreement, Item Agreement and special program agreement (such as on warehouse displays, promotions or rebates) that has been or will be signed between us.

B. **Inconsistency.** The above Agreement Documents collectively are an agreement between us, are part of this Vendor Agreement and are incorporated herein by reference. In case of any inconsistency between any Agreement Documents, the first such document in the above list will take priority over any document lower on the list.

C. **Purchaser.** Each purchase will be made in the trade name of "PriceCostco," but will be for the account of either The Price Company ("Price") or Costco Wholesale Corporation ("Costco") or both, or of affiliates or licensees that operate warehouse clubs and for whom Price and Costco act as purchasing agents. Price and Costco each hereby guaranty payment of each purchase, subject to the rights and liabilities under the Agreement Documents, irrespective of the entity for which the purchase is actually made hereunder.

D. **Insurance.** The insurance mentioned in the Standard Terms shall have minimum primary limits of $2,000,000 combined single limit, from an insurer approved by PriceCostco (Best's Rated B+, V or better). Vendor will provide PriceCostco a Vendor's Endorsement to such insurance specifically naming

-1-    form A.4 (5/96)

each of PriceCostco, Inc., Price and Costco as additional insureds (1) within 30 days after executing this Agreement, and (2) within 30 days following any change in the insurance.

E. **Disputes.** Disputes shall be resolved under paragraphs 20 and 21 of the Standard Terms.

F. **Other Forms.** The Agreement Documents supersede all terms in Vendor's invoices and other forms, and all prior oral or written communications between us, for the matters covered in the Agreement Documents. No party is entering into these Agreement Documents in reliance on any oral or written promises, representations or understandings other than those in the Agreement Documents. The Agreement Documents can be amended only in a writing signed by an authorized official of each of us.

THE PRICE COMPANY
COSTCO WHOLESALE CORPORATION                    VENDOR:

By _____           X By _____
        (Buyer)                              (Authorized Signature)

By _____             X _Ralph Curriera - Sales Mgr_
        (GMM)                                (Print Name and Title)

-2-                                            Form A.4 (5/94)

<u>Costco Wholesale STANDARD TERMS</u>
*United States (2004)*

These terms and conditions ("Standard Terms") apply to every purchase, sale, shipment and delivery of Merchandise from Vendor to Costco Wholesale Corporation ("Costco Wholesale") or its affiliates or licensees ("Affiliate Purchasers"), and related transactions, unless otherwise agreed in writing and signed by Costco and by Vendor. Each purchase will be made in the trade name of "Costco Wholesale," but will be for the account of either Costco, or of one of the Affiliate Purchasers. The term "Costco Wholesale" as used below means the entity or entities for which the purchase is being made. The term "Agreement Documents" refers to all documents as defined in the Basic Vendor Agreement.

1. **MERCHANDISE AND PALLETS.**

(a) "Merchandise" includes all goods described in any Costco Wholesale Purchase Order to Vendor and all packaging, instructions, warnings, warranties and other materials and services normally included or otherwise delivered with such Merchandise. Vendor shall comply with all packing (including pallets) requirements of the carrier and Costco Wholesale, and its cost is included in the price of the Merchandise. Vendor shall comply with Costco Wholesale's Structural Packaging Specifications and inspect all Merchandise prior to shipment to ensure quality, safety and conformity and to ensure that the Merchandise is properly packed and loaded to prevent transit damage and tampering.

(b) "Pallets" must at a minimum, be of standard GMA #1 quality, 4 way entry (40" x 48") or CHEP. In the event pallets do not meet these minimum standards, Costco Wholesale, at its sole option, may at Vendor's sole expense reject the Merchandise and/or rework the pallets.

2. **PURCHASE ORDERS.** Vendor may ship only against a written Costco Wholesale Purchase Order ("Purchase Order"). A Purchase Order shall be considered an acceptance of any offer to sell by Vendor. Shipment in response to a Purchase Order is acceptance of the Purchase Order and of these Standard Terms. Except as specified in a Purchase Order, projections, any past purchasing history and representations about quantities to be purchased are not binding and Costco Wholesale shall not be liable for any act or expenditure (including expenditures for equipment, labor, materials or packaging) by Vendor in reliance on them. The relationship between Costco Wholesale and Vendor is that of an independent contractor and Vendor agrees that it has not and shall not hold itself out as, nor shall Vendor be deemed to be, an agent of Costco Wholesale.

3. **P.O. & ITEM NUMBER.** Vendor shall mark all invoices, bills of lading, and packing lists to show legibly the complete Costco Wholesale Purchase Order and Item number(s) to which they relate.

4. **DOCUMENTS.** Vendor shall comply with all billing, payment, claim and document instructions in the Costco Wholesale Vendor Credit Information Packet, as it may be revised in writing by Costco Wholesale from time to time. On the date any Merchandise is shipped, Vendor shall send to the "Bill To" address an original invoice that reflects Costco Wholesale's Purchase Order and accounts payable vendor number. The actual scale weights shall be shown on all bills of lading and other shipping documents that must accompany the Merchandise to the shipping destination. Any claims submitted by Vendor to Costco Wholesale regarding unpaid invoices, partial payments, RTVs, rebate or audit deductions, etc. must be submitted on a Costco Wholesale Standard Vendor Claim Form.

5. **PRICE CHANGES.** The prices on Costco Wholesale's Purchase Order are not subject to any increase or additional charges because of increased cost, any change in law or any other reason. Vendor must give Costco Wholesale thirty (30) days' advance written notice of any price change on future orders.

6. **PAYMENT.** Unless otherwise agreed in writing, Costco Wholesale shall not be obligated to pay any invoice until thirty (30) days after delivery is completed under Section 7 below. Vendor shall not assign or factor its account without prior written notice by Vendor to Costco Wholesale's accounting department. Said assignee or factoring third party is only entitled to the payment validly owed to Vendor and said assignment does not confer upon assignee or factor any other rights. Once the account has been assigned to a third party, the assignment shall not be changed or discontinued without the prior written consent of both the Vendor and such third party and prior written notice to Costco Wholesale's accounting department.

7. **DELIVERY.** Vendor will be responsible for making all claims with the carrier in writing for all losses or damages and/or rework expenses regardless of whether Costco Wholesale arranges carriage, designates the carrier and/or pays the freight. Sales are on a delivered basis and Vendor's delivery of the

**Costco Wholesale STANDARD TERMS**                                         *United States (2004)*

Merchandise will occur and title and risk of loss will pass only when and to the extent conforming Merchandise has been received at the Costco Wholesale warehouse or depot designated in the Purchase Order and a Costco Wholesale employee has signed the bill of lading or other shipping document acknowledging that receipt. If the Purchase Order designates an FOB sale with delivery to an ocean port or carrier for ocean shipment, the terms of sale and delivery will be FOB Vessel Incoterms 2000. All ocean shipments for Hawaii and Alaska are FOB Costco Wholesale.

8. **LATE SHIPMENT.** Costco Wholesale may at any time cancel any shipment not actually received by Costco Wholesale by the "Ship To Arrive Date" shown on the Purchase Order, without cost to or further obligation by Costco Wholesale. Vendor shall notify Costco Wholesale immediately if any shipment will not occur in time to arrive by the "Ship To Arrive Date". Vendor may ship back orders and late shipments only to the extent authorized in writing by Costco Wholesale and only on a freight prepaid basis at Vendor's expense.

9. **COMPLIANCE WITH LAWS.**

(a) Vendor warrants all Merchandise to be manufactured, processed, packaged, labeled, tagged, tested, certified, accurately marked, weighed, inspected, shipped and sold in compliance with all applicable industry standards and all applicable federal, state, provincial and local laws, treaties and regulations, including by way of example all laws and regulations relating to labor, health, safety, environment, serial and identification numbers, labeling, country of origin designation, and Customs requirements; all FDA, toxic substances, OSHA and EPA regulations, Federal Meat Inspection Act or Poultry Products Inspection Act, or any other food safety statute; and the requirements of California Proposition 65.

(b) Vendor agrees to execute and/or furnish to Costco Wholesale on reasonable request, all certifications, guaranties and other documents regarding and verifying compliance with such laws and regulations, including any Material Safety Data Sheet ("MSDS") as required by OSHA regulations. Vendor shall supply Costco Wholesale, at Vendor's expense, with an annual Good Manufacturing Practices ("GMP") Food Safety Audit conducted by a Costco Wholesale approved independent third-party auditing company or by Costco Wholesale's vendor auditing employees.

(c) Vendor must give prompt written notice to Costco Wholesale of any facts it learns indicating that Merchandise is not in compliance with such laws, regulations and/or standards in Section 9 (a) or any other provisions of these Standard Terms.

(d) Costco Wholesale reserves the right to cancel any Purchase Order if it reasonably believes Merchandise to be delivered does not comply with the requirements of this section.

10. **U.L.** All electrical Merchandise must be approved by Underwriter's Laboratories, Inc. or the equivalent designated in writing by Costco Wholesale.

11. **ABILITY TO SELL.** Vendor warrants and represents to Costco Wholesale that the Merchandise and its resale will not infringe any patent, trademark, trade dress, trade name, copyright or other right of any third party; that the Merchandise is without defects and has adequate warnings and instructions; and that Vendor is not a party to any agreement or understanding, and that there is no other impediment or restriction that limits, prohibits or prevents Vendor from selling and delivering the Merchandise to Costco Wholesale or limits, prohibits or prevents Costco Wholesale from reselling the Merchandise.

12. **REJECTION/MERCHANDISE RETURN.**

(a) Costco Wholesale at its option may, at any time, reject (or revoke acceptance of) and either return to Vendor or hold at Vendor's risk and expense, any Merchandise, shipment or portion thereof that is non-conforming, or that is shipped contrary to Costco Wholesale's instructions, or that is in excess of the quantities covered by the Purchase Order, or that allegedly contains any defect or inadequate warnings or instructions, or allegedly violates any law, regulation, or court or administrative order, or allegedly infringes any patent, trade name, trade dress, trademark, copyright or other right of any third party;

(b) Payment of any invoice does not limit Costco Wholesale's right to reject or revoke acceptance. Vendor hereby assumes, and shall bear and pay, all risks and expenses of unpacking, examining, repacking, storing, holding and/or reshipping or returning any such Merchandise, and shall reimburse Costco Wholesale its net landed cost for such Merchandise as shown on the books of Costco Wholesale, in addition to any other remedies available to Costco Wholesale. In the event Vendor's payment terms include a cash discount, such discount

**Costco Wholesale STANDARD TERMS**                                                       *United States (2004)*

is not refundable to Vendor upon return of Merchandise pursuant to this Section 12;

(c) Vendor is responsible for all amounts arising from Costco Wholesale's rejection or revocation of acceptance of Merchandise (including Merchandise which may have been processed and/or commingled with other product) and any amounts over and above any negotiated defective allowance;

(d) In the event Costco Wholesale cancels any Purchase Order pursuant to Sections 8 and 9, rejects any Merchandise for any reason set forth in Section 12(a), accepts customer returns pursuant to Section 13, or exercises its rights under Section 14, Costco Wholesale shall not be liable to Vendor for any damages.

13. **CUSTOMER RETURNS.** Costco Wholesale may reject or revoke acceptance of any Merchandise returned by Costco Wholesale's customers for any reason stated in Section 12(a) above.

14. **REFUND; OFFSETS.** At Costco Wholesale's option, Vendor shall grant a full refund to Costco Wholesale or, if Costco Wholesale so elects, a credit or replacement with respect to any shipment, Merchandise or portion thereof that Costco Wholesale rejects or revokes acceptance; and Costco Wholesale may offset any such amounts against amounts Costco Wholesale owes to Vendor or may owe in the future. Costco Wholesale may also offset costs associated with defective pallets, monies owed for regulatory fines or penalties (including associated attorneys' fees), any rebates/incentive allowances and any other amounts owed or to be owed by Vendor against amounts Costco Wholesale owes to Vendor. Costco Wholesale may, at the end of a season, at the close of a business relationship, or otherwise, hold back a reasonable reserve for future claims against amounts owed. In the event there remains an outstanding balance owed Costco Wholesale after such offset, Vendor shall immediately pay to Costco Wholesale said balance.

15. **INDEMNITY.** Vendor shall defend, hold harmless and indemnify Costco Wholesale, its subsidiaries, affiliates, and their employees, agents and representatives (collectively "Costco Wholesale") from and against any and all claims (including claims of Costco Wholesale against Vendor), actions, liabilities, losses, fines, penalties, costs and expenses (including reasonable attorneys' and experts' fees) arising out of any of the following provided that the Vendor's obligation to defend shall apply only to claims or actions brought by a third party against Costco Wholesale:

(a) Any actual or alleged infringement or misappropriation of any patent, trademark, trade name, trade dress, copyright or other right relating to any Merchandise, or other breach of these Standard Terms or the Agreement Documents;

(b) Any actual or alleged injury to any person, damage to any property, or any other damage or loss, by whomsoever suffered, claimed to result in whole or in part from the Merchandise or any actual or alleged defect in such Merchandise, whether latent or patent, including any alleged failure to provide adequate warnings, labeling or instructions;

(c) Any actual or alleged violation of any law, statute or ordinance or any judicial or administrative order, rule or regulation relating to the Merchandise, or to its manufacture, shipment, import, labeling, weights and measurements, use or sale, or any failure to provide an MSDS or certification; or

(d) Any act, activity or omission of Vendor or any of its affiliates, employees, representatives, agents or contractors, including activities on Costco Wholesale's premises and the use of any vehicle, equipment, fixture or material of Vendor in connection with any sale to or service for Costco Wholesale.

These indemnities and obligations of Vendor shall not be affected, expanded or limited in any way by Costco Wholesale's extension of warranties to its customers, or by any approval, specification, act or omission of Costco Wholesale. Vendor shall have no obligation to defend, hold harmless and indemnify Costco Wholesale for Costco Wholesale's sole negligence or intentional wrongful acts.

16. **INSURANCE.**

(a) Vendor shall obtain and maintain, at its expense, a policy or policies of:

(i) Commercial General Liability (including product and completed operations, personal and advertising injury, contractual liability coverage) with a minimum of $2,000,000 General Aggregate limit; $2,000,000 Products and Completed Operations Aggregate limit; and $1,000,000 each occurrence, written on an occurrence form. Insurance shall be written on a world-wide basis.

<u>Costco Wholesale STANDARD TERMS</u>                                *United States (2004)*

(ii) For Vendors whose employees enter Costco Wholesale's premises, Workers' Compensation Insurance with statutory limits and Employers' Liability (Stop-Gap Liability in monopolistic State Workers Compensation Fund states) insurance with minimum limits of $1,000,000 per accident combined single limit for bodily injury and property damage; Automobile Liability Insurance with $1,000,000 per accident combined single limit for bodily injury and property damage limits for each accident, including owned, non-owned and hired vehicles. Such insurance shall contain a waiver of subrogation endorsement in favor of Costco Wholesale.

(b) Vendor will provide Certificates of Insurance at all times naming Costco Wholesale Corporation and/or any subsidiary, proprietary company or corporation, partnership or joint venturer thereof as "Additional Insureds" with respect to General Liability and Automobile Liability policies, and attach the Broad Form Vendor Endorsement (ISO CG2015 1185) executed in favor of Costco Wholesale and Additional Insureds, to the Certificates of Insurance, and protecting all parties from the liability set forth in 16(a) above. Vendor's insurers must be Best's rated B+, VII or better. Vendor shall provide the Certificates of Insurance, evidencing the required coverage, prior to receiving a Purchase Order from Costco Wholesale.

(c) Policy limits may not be reduced, terms changed, or the policy canceled with less than thirty (30) days' prior written notice to Costco Wholesale. Vendor's insurance shall be primary with respect to any other insurance available to Costco Wholesale and shall contain a waiver of subrogation by Vendor's insurance carrier against Costco Wholesale and its insurance carrier with respect to all obligations assumed by the Vendor pursuant to the Agreement Documents. It shall be the responsibility of the Vendor to ensure that any of its agents, representatives, subcontractors, and independent contractors comply with the above insurance requirements. Coverage and limits referred to above shall not in any way limit the liability of the Vendor.

17. **RECALLS.** In the event Merchandise is the subject of a recall (which includes safety notices) or other action required to bring the Merchandise into compliance with the Agreement Documents (whether initiated by Costco Wholesale, Vendor, or a government or consumer protection agency), Vendor shall be responsible for all costs and expenses associated with the recall, notice or action. Vendor shall promptly reimburse Costco Wholesale for all costs and expenses incurred by Costco Wholesale related to the recall, notice or action including recalling, shipping and/or destroying the Merchandise (and where applicable, any products with which the Merchandise has been packaged, consolidated or commingled), including refunds to customers and Costco Wholesale's net landed cost of unsold Merchandise.

18. **TAXES.** Costco Wholesale's purchase is for resale unless Costco Wholesale otherwise states in writing. Vendor's pricing should be exclusive of all sales, use and like taxes. If claiming the resale sales tax exemption, Costco Wholesale will provide Vendor with valid tax exemption (resale) certificates for those states where deliveries are to be made. Vendor's invoicing Costco Wholesale for any tax or fee shall constitute a warranty that Vendor is duly registered with the agency which levies the tax or fee. If Vendor does not remit the tax or fee to the appropriate agency, and/or if the same tax or fee is subsequently assessed by the agency against Costco Wholesale, Vendor shall reimburse Costco Wholesale for all amounts of tax or fee Costco Wholesale has remitted to Vendor to date and Vendor shall defend, indemnify and hold harmless Costco Wholesale against all losses, penalties, interest and expenses (including attorneys' fees).

19. **REMEDIES.** The exercise of any remedy herein shall be without prejudice to any other right or remedy available to either party. At no time shall Costco Wholesale be liable for consequential damages incurred by Vendor.

20. **DISPUTES AND ARBITRATION.** All claims and disputes that (1) are between Vendor and Costco Wholesale or either's subsidiaries, parents, affiliates, officers, directors and/or employees, and (2) arise out of or relate to the Agreement Documents or their subject matter, interpretation, performance or enforcement, or any other agreement, transaction or occurrence between Vendor and Costco Wholesale (including without limitation any tort or statutory claim) ("Dispute") shall be arbitrated under the Commercial Arbitration Rules of the American Arbitration Association ("AAA"), in English at Seattle, Washington, before one neutral arbitrator who may be a national of any party and who shall be a member of the AAA's Large Complex Case Panel. All documents and information relevant to the claim or dispute in the possession of any party shall be made available to the other party not later than sixty (60) days after the demand for arbitration is served, and the

**Costco Wholesale STANDARD TERMS**  *United States (2004)*

arbitrator may permit such depositions or other discovery deemed necessary for a fair hearing. The arbitrator shall have the power to require discovery of third parties (including testimony and documents) to the fullest extent allowed by the laws of the State of Washington. The hearing may not exceed two days. The award shall be rendered within 120 days of the demand. The arbitrator may award interim and final injunctive relief and other remedies, but may not award punitive, exemplary, treble, or other enhanced damages. To the fullest extent permitted by law, no arbitration under the Agreement Documents shall be joined to an arbitration involving any other party, whether through class arbitration proceedings or otherwise. No time limit herein is jurisdictional. Any award of the arbitrator (including awards of interim or final remedies) may be confirmed or enforced in any court having jurisdiction. Notwithstanding the above, Costco Wholesale or Vendor may bring court proceedings or claims against each other (i) solely as part of separate litigation commenced by an unrelated third party, or (ii) if not first sought from the arbitrator, solely to obtain in the state or federal courts in King County, Washington, temporary or preliminary injunctive relief or other interim remedies pending conclusion of the arbitration. In the case of contradiction between the provisions of this Section 20 and the Commercial Arbitration Rules of AAA, this Section shall prevail. The limitations on remedies described above may be deemed inoperative to the extent necessary to preserve the enforceability of the agreement to arbitrate. If any provision of this agreement to arbitrate is held invalid or unenforceable, it shall be so held to the minimum extent required by law and all other provisions shall remain valid and enforceable.

21. **VENUE; ATTORNEYS' FEES.** Vendor consents to the personal jurisdiction and exclusive venue of the federal and state courts in King County, Washington, for any court action or proceeding. The prevailing party in any arbitration or court action or proceeding shall be awarded its reasonable attorneys' fees, expenses (including without limitation expert witness fees) and costs.

22. **GOVERNING LAW.** The Agreement Documents and all agreements between Vendor and Costco Wholesale shall be governed by and construed according to the laws of the State of Washington, without regard to conflicts of laws principles.

23. **SEVERABILITY.** If any provision of any Agreement Document or of any agreement between Vendor and Costco Wholesale is held invalid or unenforceable, it shall be so held to the minimum extent required by law and all other provisions shall remain valid and enforceable.

24. **BAR CODES.** Vendor shall place on all Merchandise sold to Costco Wholesale an accurate Universal Product Code ("UPC") that complies with the written Costco Wholesale Uniform Product Code Requirements, as amended from time to time. Vendor will promptly supply Costco Wholesale with its manufacturer assigned UPC number. If Vendor fails to place an accurate UPC on any Merchandise, Costco Wholesale may assess Vendor for Costco Wholesale's internal costs and any associated fines, costs, expenses or attorneys' fees levied. If requested by Costco Wholesale, Vendor shall place Costco Wholesale's assigned item number on all Merchandise supplied to Costco Wholesale.

25. **CALIF. PROP. 65.** Vendor represents it is fully aware of, and agrees to comply with, California Proposition 65 (Calif. Health & Safety Code 25249.5-25249.13) and its implementing regulations (22 Calif. Code Reg. § 12000 et seq), including the following:

(a) The Merchandise must not contain chemicals known to the State of California to cause cancer or reproductive toxicity; or

(b) The quantity of the chemical in question is in compliance with the Federal and California standards, or the Merchandise must carry a warning label that complies with California law.

Vendor shall provide Costco Wholesale a current MSDS that meets the requirements of OSHA regulations and California Admin. Code, Title 8, § 5194, or a statement from the manufacturer that no MSDS is legally required for the Merchandise.

26. **OZONE LAWS.** Vendor represents and certifies that:

(a) No Merchandise contains any foam or other substances ("Banned Substances") banned under regulations adopted by the U.S. Environmental Protection Agency ("EPA") or under any other U.S. laws or regulations; and

(b) The Merchandise either (a) does not contain and/or is not manufactured with the use of any Class I or Class II Ozone-Depleting Chemicals ("ODCs"), or (b) is properly labeled in full compliance with EPA regulations and other applicable laws and regulations.

**Costco Wholesale STANDARD TERMS** *United States (2004)*

27. **INTELLECTUAL PROPERTY.** The ownership and exclusive use of the trademarks and other intellectual property owned by or under license to Costco Wholesale and/or its affiliates, which include COSTCO WHOLESALE (and all derivatives thereof) and KIRKLAND SIGNATURE (and all derivatives thereof) shall remain vested in Costco Wholesale and/or such affiliates as the case may be, and Vendor shall have no rights or interest in them. Vendor agrees that prior to using such intellectual property in any manner, it will obtain prior written consent and comply with Costco Wholesale's Guidelines. Vendor shall not contest, directly or indirectly, the ownership, validity, or enforceability of such intellectual property or use any confusingly other similar intellectual property.

28. **CHILD/FORCED PRISON LABOR LAWS AND VENDOR CODE OF CONDUCT.** Vendor represents and warrants that it and its subcontractors/suppliers will comply with all applicable labor and environmental laws and regulations of the country where the Merchandise is produced. Vendor further represents and warrants that it and its subcontractors/suppliers do not use any form of compulsory prison or slave labor, or illegal child labor and do not physically abuse their workers. Vendor also agrees to comply with Costco Wholesale's Vendor Code of Conduct. Upon review of any unsatisfactory audit results, Costco Wholesale, in its sole discretion, reserves the right to terminate its relationship with a Vendor or any of its subcontractors/suppliers, cancel any Purchase Order, return or revoke acceptance of affected Merchandise and/or require corrective action be taken. The Vendor shall be liable for all related damages incurred by Costco Wholesale, including lost profits.

29. **CONFIDENTIALITY.**

(a) Vendor may be exposed to confidential information of Costco Wholesale. "Confidential Information" means non-public information, whether written, oral, recorded on tapes or in any other media or format, that Costco Wholesale designates confidential or which, under the circumstances surrounding disclosure, ought to be treated as confidential. Confidential Information includes, without limitation, information relating to Costco Wholesale's members, vendors, employees, business plans, marketing plans, product plans, processes, strategies, know-how, forecasts, and/or sales or financial information.

(b) Confidential Information shall not include information that Vendor can conclusively establish (i) entered the public domain without Vendor's breach of any obligation owed to Costco Wholesale; (ii) was lawfully disclosed to Vendor from a source other than Costco Wholesale; or (iii) is or was rightfully in Vendor's possession prior to disclosure by Costco Wholesale.

(c) Vendor agrees, both during and after the close of the business relationship with Costco Wholesale, to hold the Confidential Information in the strictest confidence and not to disclose such Confidential Information to any third party. Vendor shall, however, be permitted to disclose relevant aspects of such Confidential Information to its officers, employees, attorneys, auditors by a public accounting firm, or a federal or state government agency, on a need-to-know basis in order to perform its obligations under the Agreement Documents, provided that it has undertaken to protect the Confidential Information to the same extent as required under this Agreement. Vendor shall give Costco Wholesale notice immediately upon learning of any unauthorized use or disclosure of Confidential Information.

(d) In the event Vendor is served with any subpoena or other legal process requiring or purporting to require the disclosure of any Confidential Information, Vendor shall promptly notify Costco Wholesale and shall cooperate fully with Costco Wholesale and its legal counsel in challenging, opposing, seeking to limit or appealing any such legal process to the extent deemed appropriate by Costco Wholesale.

30. **CHANGE IN CONTROL / ASSIGNMENT.**

(a) In the event of a change in control of Vendor, Costco Wholesale shall have the option but not the obligation to cancel any Purchase Order that in whole or in part has not been fully performed.

(b) Any assignment of the Agreement Documents without Costco Wholesale's prior written consent is void and if approved, the Agreement Documents will be binding upon, inure to the benefit of and be enforceable by the parties hereto and their respective successors and permitted assigns.

31. **NO PUBLICITY.** Vendor shall not, without the prior written consent of Costco Wholesale, refer to Costco Wholesale or any of its affiliates in any manner in press releases, advertising or other public or promotional statements.

OCT-07-1996 22:52 FROM DEBBI BRENDEL INC. TC 1 206 313 6601 P.02

# COSTCO — WHOLESALE VENDOR PURCHASE PROGRAM AGREEMENT

CLUES
61740-00

- Date: 9-20-96
- New Vendor? Y/N: Y
- BBA Vendor #: 61740
- Dept. #:
- Vendor Name: CLUES
- Vendor Contact: RALPH CURRIERA
- Purchase Order/Correspondence Address: 1400 BROADWAY
- City: NEW YORK
- State: N.Y.
- Zip: 10018
- Phone: 212-869-1948
- Fax #: 212-869-1953
- Remittance Address:
- City: ____ State: ____ Zip: ____
- Factor (if applicable): ____ Circle one: On Account / L/C / EFT
- EDI: Yes / No
- Order Desk Contact:
- Rep. Company: DEBBI BRENDEL, INC
- Rep. Contact: DEBBI BRENDEL
- Phone #:
- Address: 570 SEVENTH AVENUE
- City: New York
- State: NY
- Zip: 10018
- Phone: 212-704-0333
- Fax #: 212-704-0918

Region: ALL(US)  NW  LA  SD  NC  SE  NE  WCN  ECN  UK — Circle as applicable

**Advertising Allowances:**
- Connection Advertising: ____
- Collection Placement: ____
- Logo: ____
- Placement: ____
- Other: ____
- Above paid by: Check ____ Deduct from payment ____ Other ____

**Warranty:** 1-900-J ____ Length of Warranty ____ Parts ____ Labor ____
Warranty Applies to (choose one): Unsaleable Merchandise ____ or Defective Merchandise Only ____

**Spoils/Credit Information:**
- Credit available: Y/N
- Contact Vendor/Rep: Y/N
- RA # Required: Y/N #
- Other: Price Costco will destroy goods and apply for credit
- Contact:

**Product Disposition:** If PriceCostco is able to return product:
- Ship collect: Y/N    Carrier:
- Ship prepaid: Y/N
- Ship UPS: Y/N
- Ship prepaid/billback: Y/N
- Other:
- Return product to:

If we do not return product: Salvage, if possible (circled) ____
- Send to warranty station for repair: ____
- Vendor/Rep will exchange: ____
- O/I Allowance obtained from vendor: ____
- Destroy only, do not salvage: ____
- Call vendor for parts: ____
- Other: ____

Collect monies: Check ____ Deduct from payment ____ Other ____

**Product Liability Insurance:**
- Insurance Certificate: Requested ____ Received ____
- Vendors' additional insurance endorsement: Requested ____ Received ____
- Required minimum primary coverage: $2,000,000    $ of coverage ____

**Miscellaneous:** Material Safety Data Sheets  Y / N

**Display:** Point of purchase material ____
Warehouse display provided by: Vendor / Rep / PriceCostco    Display freight prepaid  Y / N

Comments: ____

Buyer: [signature] Date ____  GMM: [signature] Date 11-1-96  Vendor: [signature] Date 10/4/96

OCT 07 '96 09:01    2127040418    PAGE.02

Exhibit B

SUPREME COURT OF THE STATE OF YORK
COUNTY OF NEW YORK
------------------------------------------------------X
CLUES FASHIONS, INC.,　　　　　　　　　　:　　Index No. 108272/08

　　　　　　　　Plaintiff,　　　　　　　　　:　　**SUMMONS**

　　　　　- against -　　　　　　　　　　　　:　　Plaintiff's address:
　　　　　　　　　　　　　　　　　　　　　　　　　　1400 Broadway
COSTCO WHOLESALE, CORP.,　　　　　　　:　　New York, New York 10018

　　　　　　　　　　　　Defendant.　　　　　:　　The basis of the venue designated
------------------------------------------------------X　　is plaintiff's place of business in
　　　　　　　　　　　　　　　　　　　　　　　　　　New York County

　　　　　YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York) and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
　　　　June 10, 2008

　　　　　　　　　　　　　　　　　　　　　SILVERBERG STONEHILL GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　& HABER, P.C.
　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

　　　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　　Michael B. Goldsmith (MBG/8358)
　　　　　　　　　　　　　　　　　　　　　　　111 West 40th Street
　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10018
　　　　　　　　　　　　　　　　　　　　　　　(212) 730-1900

TO:　　Costco Wholesale Corp.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
CLUES FASHIONS, INC.,                              :     Index No.

                               Plaintiff,         :     **VERIFIED COMPLAINT**

               - against -                                    :

COSTCO WHOLESALE, CORP.,                           :

                             Defendant.         :
-----------------------------------------------------------------X

        Plaintiff, Clues Fashions, Inc., by its attorneys, Silverberg Stonehill Goldsmith & Haber, P.C., as and for its complaint respectfully alleges:

        1.    That at all times hereinafter mentioned the plaintiff, Clues Fashions, Inc. ("Clues") was and is a New York corporation with its principal place of business at 1400 Broadway, New York, New York 10018.

        2.    That at all times hereinafter mentioned the defendant, Costco Wholesale Corp. ("Costco") was and is a foreign corporation authorized to do business in New York State.

        3.    That heretofore and in or about October of 2005, Clues and Costco entered into an agreement pursuant to which Clues agreed to sell and Costco agreed to purchase approximately 160,000 ladies' stretch gauchos (the "Goods").

        4.    That in accordance with the terms of the agreement, Clues caused the Goods to be delivered to Costco.

1

5. Subsequent to Costco's receipt of the Goods, Costco informed Clues that the Goods needed repair because a tape utilized by Clues, in certain instances left a residue on the Goods.

6. Thereafter, at a meeting attended by representatives of Costco and Clues, the parties agreed that Costco would return the Goods to Clues who would re-tape them and reship the Goods to Costco and then re-bill at the original price.

7. Thereafter, in accordance with the terms of this agreement, Costco returned to Clues a portion of the Goods which were re-taped by Clues and reshipped to Costco on a timely basis. Although pursuant to the agreement, Costco was supposed to return all of the Goods, in fact, Costco failed to do so but nevertheless took deductions against Clues as if all of the Goods had been returned, when in fact, Goods having an agreed price and reasonable value of $207,746.90 were neither returned nor paid for.

8. That subsequent to discovering this, Clues made repeated demands upon Costco that it pay it for the improper deductions, all of which have been ignored by Costco.

9. That as a result thereof, Clues has sustained damages in the amount of $207,746.90.

## AS AND FOR A FIRST CAUSE OF ACTION

10. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 9 hereof with the same force and effect as if more fully set forth at length herein.

11. That as a result of failing to return all of the Goods to Clues, Costco has converted Clues Goods and accordingly, it is liable to Clues in the amount of $207,746.90.

WHEREFORE, plaintiff, Clues Fashions, Inc., respectfully requests judgment as follows:

(i) on the first cause of action in the amount of $207,746.90, together with interest from May 1, 2006;

(ii) on the second cause of action in the amount of $207,746.90, together with interest from May 1, 2006;

3

    (iii) the costs and disbursements of this action and such other and further relief as the court deems just and proper.

        Yours etc.,

        SILVERBERG STONEHILL GOLDSMITH
        & HABER, P.C.
        Attorneys for Plaintiff

        By: _____
          Michael B. Goldsmith (MBG/8358)
          111 West 40th Street
          New York, New York 10018
          (212) 730-1900

TO: Costco Wholesale Corp.

4

## VERIFICATION

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

      Mark Naim, being duly sworn, deposes and says that I am the president of the plaintiff in the within action; that I have read the foregoing Summons & Verified Complaint and knows the contents thereof; that the same are true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true.

                                                  Mark Naim

Sworn to before me this
10 day of June, 2008

_____
Notary Public

EDWARD L. DOWLING
NOTARY PUBLIC, State of New York
No. 24-01D04795435
Qualified in Westchester County
Commission Expires Aug 31 2009

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

    DENISE MARTINEZ, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides in the County of Queens, State of New York. That on the 11th day of July, 2008, deponent served the within *Notice of Motion and Declaration of Tammi Laush in Support of Defendant's Motion to Dismiss, or Transfer Venue; or, Alternatively, Stay the Action* via First Class Mail upon:

  Michael B. Goldsmith
  Silverberg Stonehill Goldsmith & Haber, P.C.
  111 W. 40th Street
  New York, New York 10018
  (212) 730-1900
  *Attorneys for Plaintiff - Clues Fashions, Inc.*

at the address designated by said attorneys for that purpose, by depositing a copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                 /s/ Denise Martinez
                 DENISE MARTINEZ

Sworn to before me this
11th day of July, 2008

/s/ Timothy Clancy
Notary Public

TIMOTHY CLANCY
NOTARY PUBLIC, State of New York
No. 01CL5021469
Qualified in New York County
Commission Expires Dec. 13, 2009