Theodore L. Hecht (TH-5497)
Cynthia A. Murray (CM-8900)
Schnader Harrison Segal & Lewis LLP
140 Broadway, Suite 3100
New York, New York 10005-1101
Phone No.: (212) 973-8000
Fax No.:    (212) 972-8798
E-mail:  thecht@schnader.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
CLUES FASHIONS, INC.,                   :
                                        :         ECF CASE
                    Plaintiff,          :
                                        :         08-CV-6146 (GBD)(HP)
        - against -                     :
                                        :
COSTCO WHOLESALE CORP.,                 :
                                        :
                    Defendant.          :
                                        :
------------------------------------------------------------X

**DEFENDANT COSTCO WHOLESALE CORP.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS OR TRANSFER VENUE, OR,
<u>ALTERNATIVELY, STAY THE ACTION PENDING ARBITRATION</u>**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii-iii

STATEMENT OF FACTS ........................................................................................................ 1

ARGUMENT .............................................................................................................................. 2

POINT I

CLUE'S CLAIMS ARE REFERABLE TO ARBITRATION ...................................................... 2

POINT II

THIS COURT SHOULD ENTER AN ORDER DISMISSING THE
ACTION, TRANSFERRING VENUE OR STAYING THE ACTION ....................................... 5

CONCLUSION ........................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Aspen Spa Properties, LLC v. Int'l Design Concepts, LLC,*
    527 F. Supp. 2d 469 (E.D.N.C. 2007) ................................................................................ 7

*AT&T Tech., Inc. v. Commc'ns Workers of Am.,*
    475 U.S. 643 (1986) ........................................................................................................... 3

*Cap Gemini Ernst & Young, U.S., LLC v. Nackel,*
    346 F.3d 360 (2d Cir. 2003) .............................................................................................. 4

*Clarendon Nat'l Ins. Co. v. Lan,*
    152 F. Supp. 2d 506 (S.D.N.Y. 2001) ........................................................................... 3, 5

*DaPuzzo v. Globalvest Mgmnt. Co., L.P.,*
    263 F. Supp. 2d 714 (S.D.N.Y. 2003) ............................................................................... 6

*David L. Threlkeld & Co. v. Metallgesellschaft Ltd.,*
    923 F.2d 245 (2d Cir. 1991) .......................................................................................... 2, 3

*Hartford Accident and Indem. Co. v. Swiss Reins. Am. Corp.,*
    246 F.3d 219 (2d Cir. 2001) ....................................................................................... 3, 4, 5

*In re Home. Ins. Co.,*
    908 F. Supp. at 192 ............................................................................................................ 5

*Josko v. New World Sys. Corp.,*
    No. 05-4013 (RBK), 2006 WL 2524169 (D.N.J. Aug. 29, 2006) ..................................... 7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,*
    460 U.S. 1 (1983) ........................................................................................................... 3, 5

*Provident Bank v. Kabas,*
    141 F. Supp. 2d 310 (E.D.N.Y. 2001) ............................................................................... 6

*Roe v. Gray,*
    165 F. Supp. 2d 1164 (D. Colo. 2001) .............................................................................. 7

PHDATA 3104645_1

## TABLE OF AUTHORITIES (cont'd)

**Page**

*Sam Reisfeld & Son Import Co. v. S.A. Eteco,*
  530 F.2d 679 (5th Cir. 1976) .................................................................................. 7

*Scherk v. Alberto-Culver Co.,*
  417 U.S. 506 (1974) ................................................................................................ 6

*Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc.,*
  269 F. Supp. 2d 356 (S.D.N.Y. 2003) ..................................................................... 6

*Sinclair Broadcast Group, Inc. v. Intrerp Nat'l Radio Sales, Inc.,*
  No. Civ. CCB-05-326, 2005 WL 1000086 (D. Md. Apr. 28, 2005) ....................... 7

*U.S. ex rel. Giannola Masonry Co. v. P.J. Dick Inc.,*
  79 F. Supp. 2d 803 (E.D. Mich. 2000) .................................................................... 8

*Volt Info. Scis., Inc. v. Bd. of Trustees,*
  489 U.S. 468 (1989) ................................................................................................ 3

*Wholesale Tape & Supply Co. v. Icode, Inc.,*
  No. 1:04-CV-266, 2005 WL 3535148 (E.D. Tenn. Dec. 22, 2005) ........................ 7

## STATUTES

28 U.S.C. § 1406(a) ........................................................................................................ 7

Federal Arbitration Act, 9 U.S.C. § 2 ............................................................................. 2

Federal Arbitration Act, 9 U.S.C. § 3 ............................................................................. 3

Federal Arbitration Act, 9 U.S.C. § 4 ......................................................................... 5, 6

Federal Arbitration Act, 9 U.S.C. §§ 1 ........................................................................... 3

Federal Rules of Civil Procedure, Rule 12(b)(3) ........................................................... 1

PHDATA 3104645_1

Defendant Costco Wholesale Corporation ("Costco") by its attorneys, Schnader Harrison Segal & Lewis LLP, respectfully submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1406, and 9 U.S.C. § 3, to dismiss the action or transfer venue to the United States District Court for the Western District of Washington for that court to compel arbitration; or, alternatively, stay the action pending arbitration in Seattle, Washington.[1]

### STATEMENT OF FACTS

Plaintiff Clues Fashions, Inc. ("Clues") is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York, New York. Defendant Costco is a corporation organized and existing under the laws of the State of Washington with its principal place of business in Issaquah, Washington. Clues and Costco entered into a vendor agreement in 1996 (the "Vendor Agreement"). The Vendor Agreement's documents consist of a "Basic Agreement," the "Standard Terms" and "each Vendor Purchase Agreement, Item Agreement, and special program agreement . . . that has or will be signed between [Costco and Clues]." (See Declaration of Tammi Laush dated July 8, 2008, ("Laush Declaration") at Exhibit A.)

The Vendor Agreement includes a forum selection clause whereby Clues consents to the personal jurisdiction and exclusive venue of the federal and state courts in King County, Washington for any court action or proceeding other than confirmation or enforcement of an arbitral award or as part of separate litigation brought by a third-party. (Id. (Vendor Agreement, Standard Terms at Articles 20-21).) The Vendor Agreement further provides that all claims and

---

[1] As discussed herein, there are three available remedies: (1) the Court may dismiss the action for improper venue, (2) transfer venue in the interest of justice, or (3) stay this action pending arbitration award. Costco submits that the preferred remedy is to transfer venue to the District Court (W.D. Wash.) for that court to compel arbitration.

disputes between Costco and Clues "shall be arbitrated under the Commercial Rules of the American Arbitration Association ("AAA") in English at Seattle, Washington, before one neutral arbitrator who may be a national of any party and who shall be a member of AAA's Large Complex Case Panel." (Id. (Vendor Agreement, Standard Terms at Article 20).)

Clues filed this lawsuit in the Supreme Court of the State of New York, County of New York against Costco asserting breach of contract claims arising out of a transaction covered by the Vendor Agreement. (See Laush Declaration at Exhibit B.) Clues served the Summons and Complaint upon Costco's agent for the service of process on or about June 17, 2008. On July 3, 2008, Costco removed this action to this Court based on diversity of the citizenship of the parties.

Costco now requests, pursuant to the parties' agreement, that this action either be dismissed or transferred to the United States District Court for the Western District of Washington for that court to compel arbitration in accordance with the terms of the arbitration provision and forum selection clause set forth in the Vendor Agreement, or, alternatively, that the action be stayed pending an arbitration award in Seattle, Washington.

## ARGUMENT

### POINT I

### CLUE'S CLAIMS ARE REFERABLE TO ARBITRATION

The Federal Arbitration Act provides that written agreements to arbitrate disputes in a contract, involving commerce, "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." (9 U.S.C. § 2.) Public policy has long favored the use of arbitration as an alternative to judicial resolution of claims. *David L. Threlkeld & Co. v. Metallgesellschaft Ltd.*, 923 F.2d 245, 248 (2d Cir. 1991); *see also*

*Hartford Accident and Indem. Co. v. Swiss Reins. Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001). The public policy supporting arbitration is embodied in the Federal Arbitration Act, 9 U.S.C. §§ 1 *et. seq.*, which makes private arbitration agreements enforceable to the same extent as other contracts. *Volt Info. Scis., Inc. v. Bd. of Trustees*, 489 U.S. 468, 474 (1989).

The policy in favor of arbitration is sufficiently strong that the Supreme Court has held that arbitration must be ordered "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). Furthermore, courts should "construe arbitration clauses as broadly as possible." *Clarendon Nat'l Ins. Co. v. Lan*, 152 F. Supp. 2d 506, 514 (S.D.N.Y. 2001) (citing *Daniel L. Threlkeld & Co.*, 923 F.2d at 250). Federal arbitration policy requires that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Hartford Accident and Indem. Co.*, 246 F.3d at 226 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

Once a court is satisfied that an action is covered by an arbitration agreement, it *must* stay trial of the action until the arbitration is completed. Section 3 of the FAA, 9 U.S.C. § 3, provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Similarly, Section 4 of the FAA empowers courts to compel the parties to arbitrate their dispute when one of the parties has failed or refused to do so. Prior to compelling arbitration, the

district court must first determine two threshold issues: (1) whether there is a valid arbitration agreement; and (2) whether the claims at issue fall within the scope of the arbitration agreement. *Cap Gemini Ernst & Young, U.S., LLC v. Nackel*, 346 F.3d 360, 365 (2d Cir. 2003); *Hartford Accident and Indem. Co.*, 246 F.3d at 226. In this case, there is a valid agreement covering the claims at issue, thereby mandating arbitration.

Costco and Clues entered into a contract in which they agreed to submit their disputes to arbitration. Article 20 of the Vendor Agreement provides that "[a]ll claims and disputes" between Clues and Costco that "arise out of or relate to the Agreement Documents or their subject matter, interpretation, performance or enforcement, or any other agreement, transaction or occurrence between Vendor and Costco Wholesale (including without limitation any tort or statutory claim) ("Dispute") shall be arbitrated under the Commercial Arbitration Rules of the American Arbitration Association ("AAA"), in English at Seattle, Washington …"

There can be no genuine dispute that the Vendor Agreement provides for a valid arbitration agreement between Clues and Costco. The arbitration agreement is quite broad and covers the claims raised in the Complaint. The Vendor Agreement at issue specifically requires arbitration of "[a]ll claims and disputes that . . . arise out of or relate to the Agreement Documents or their subject matter, interpretation, performance or enforcement, or any other agreement, transaction or occurrence between Vendor and Costco Wholesale." (Laush Declaration at Exhibit A (Vendor Agreement, Standard Terms at Article 20).) This language is the paradigm of a broad arbitration clause. In its Complaint, Clues alleges that Costco failed to return goods that Clues supplied to Costco and failed to make payments to Clues in accordance with the parties' agreement. These claims certainly "arise out of or relate to" the Vendor Agreement and amount to "transaction[s] or occurrence[s]" between the parties. Considering the

breadth of the arbitration agreement between the parties, Clues's claims squarely fall within the scope of the arbitration agreement.

Even if there were a possible ambiguity in the agreement to arbitrate, "any doubts concerning the scope of the arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Hartford Accident and Indemn. Co.*, 246 F.3d at 226 (noting that where "the existence of an arbitration clause is undisputed, doubts as to whether a claim falls within the scope of that agreement should be resolved in favor of arbitrability.") (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25). The presumption in favor of arbitration is even "stronger where the arbitration clause itself is a broad clause that refers to arbitration of 'all disputes arising out of an agreement.'" *Clarendon Nat'l Ins. Co.*, 152 F. Supp. 2d at 514. Thus, the issues raised by the Complaint are referable to arbitration.

## POINT II

### THIS COURT SHOULD ENTER AN ORDER DISMISSING THE ACTION, TRANSFERRING VENUE OR STAYING THE ACTION

Under the FAA, arbitration must proceed in the district where the order directing arbitration is filed and a federal district court may only compel arbitration in its own district. *See* 9 U.S.C. § 4; *Clarendon Nat'l Ins. Co.*, 152 F. Supp. 2d at 513; *In re Home Ins. Co.*, 908 F. Supp. 180, 182 (S.D.N.Y. 1995) (collecting cases). It is well settled that an order to compel arbitration can only be moved for and filed in the district in which the arbitration is to take place. *In re Home. Ins. Co.*, 908 F. Supp. at 192 ("[O]nly the district court where the arbitration will proceed may order arbitration.").

Where an arbitration agreement contains a forum selection clause, a court may not order arbitration to occur beyond its district but may order a stay of the proceedings. *See Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc.*, 269 F. Supp. 2d 356, 363-64 (S.D.N.Y. 2003) (staying litigation in New York where arbitration clause provided that the arbitration shall be conducted in Salt Lake City, Utah); *DaPuzzo v. Globalvest Mgmnt. Co., L.P.*, 263 F. Supp. 2d 714, 739 (S.D.N.Y. 2003) ("Where a federal court lacks authority pursuant to 9 U.S.C. § 4 to compel arbitration outside its district, the court may still determine that the dispute nonetheless remains 'referable to arbitration' elsewhere, if a forum is designated, and must then order a stay instead, thereby leaving the parties free to pursue their contractual rights and remedies in the appropriate venue."); *Provident Bank v. Kabas*, 141 F. Supp. 2d 310, 315 (E.D.N.Y. 2001) ("Where an agreement to arbitrate specifies a venue outside of the district in which the petition is filed, no order to compel may be entered; only a stay is available.").

The Vendor Agreement between Clues and Costco contains a forum selection clause. Article 20 of the Vendor Agreement provides that all claims and disputes "shall be arbitrated under the Commercial Arbitration Rules of the American Arbitration Association ("AAA"), in English at Seattle, Washington." In addition, Article 21 of the Vendor Agreement provides, in relevant part: "[Clues] consents to the personal jurisdiction and exclusive venue of the federal and state courts in King County, Washington, for any court action or proceeding."[2]

It is well settled that forum selection clauses in arbitration agreements are valid and enforceable. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974) ("An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause that

---

[2] The Vendor Agreement provides for an exception: "Any award of the arbitrator may be confirmed or enforced in any court having jurisdiction." (Vendor Agreement, Standard Terms at Article 20.)

posits not only the situs of suit but also the procedure to be used in resolving the dispute."); *Sam Reisfeld & Son Import Co. v. S.A. Eteco*, 530 F.2d 679, 680-81 (5th Cir. 1976) (holding that a forum selection clause establishing the situs of arbitration must be enforced unless it conflicts with an "explicit provision of the Federal Arbitration Act.").

Accordingly, the forum selection clause contained in the Vendor Agreement should be enforced and venue in this Court is improper. Pursuant to 28 U.S.C. § 1406(a) "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss or if it be in the interest of justice, transfer such case to any district division in which it could have been brought."

However, in cases where an agreement contains a valid arbitration and forum selection clauses, rather than dismiss or stay the action, courts frequently elect to enforce the forum selection clause and the arbitration agreement by transferring the action to the district in which the arbitration shall take place. *Roe v. Gray*, 165 F. Supp. 2d 1164, 1171 (D. Colo. 2001) (collecting cases). *See, e.g., Aspen Spa Properties, LLC v. Int'l Design Concepts, LLC*, 527 F. Supp. 2d 469 (E.D.N.C. 2007) (enforcing the forum selection clause in the arbitration agreement and transferring the action to the Western District of Washington); *Josko v. New World Sys. Corp.*, No. 05-4013 (RBK), 2006 WL 2524169 (D.N.J. Aug. 29, 2006) (enforcing the forum selection clause in the arbitration agreement and transferring the action to the Eastern District of Michigan); *Sinclair Broadcast Group, Inc. v. Intrerp Nat'l Radio Sales, Inc.*, No. Civ. CCB-05-326, 2005 WL 1000086 (D. Md. Apr. 28, 2005) (enforcing the forum selection clause in the arbitration agreement and transferring the action to the Southern District of New York); *Wholesale Tape & Supply Co. v. Icode, Inc.*, No. 1:04-CV-266, 2005 WL 3535148 (E.D. Tenn. Dec. 22, 2005) (enforcing the forum selection clause in the arbitration agreement and

transferring the action to the Eastern District of Virginia); *U.S. ex rel. Giannola Masonry Co. v. P.J. Dick Inc.*, 79 F. Supp. 2d 803 (E.D. Mich. 2000) (enforcing the forum selection clause in the arbitration agreement and transferring the action to the Western District of Pennsylvania).

While the arbitration clause in the Vendor Agreement expressly provides that the arbitration will take place in Seattle, Washington, Costco cannot obtain an order to compel arbitration from this Court. Here, the only court that can compel arbitration is the United States District Court for the Western District of Washington. Accordingly, Costco submits that in lieu of dismissing, or staying the action in this Court, this action be transferred to the Western District of Washington so that a court can compel arbitration and stay the action pending the arbitration.

## CONCLUSION

The Court should order that this action be transferred to the District Court for the Western District of Washington for the purpose of staying the action and compelling arbitration, together with such other or alternative relief as the Court may deem just and proper.

Dated: New York, New York
       July 10, 2008

Respectfully submitted,

SCHNADER HARRISON SEGAL & LEWIS LLP

By: _____
Theodore L. Hecht (TH-5497)

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

    DENISE MARTINEZ, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides in the County of Queens, State of New York.  That on the 11th day of July, 2008, deponent served the within ***Defendant Costco Wholesale Corp.'s Memorandum of Law in Support of Its Motion to Dismiss, or Transfer Venue, or, Alternatively, Stay the Action Pending Arbitration*** via First Class Mail upon:

    Michael B. Goldsmith
    Silverberg Stonehill Goldsmith & Haber, P.C.
    111 W. 40th Street
    New York, New York 10018
    (212) 730-1900
    *Attorneys for Plaintiff - Clues Fashions, Inc.*

at the address designated by said attorneys for that purpose, by depositing a copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                     _____
                     DENISE MARTINEZ

Sworn to before me this
11th day of July, 2008

_____
Notary Public

TIMOTHY CLANCY
NOTARY PUBLIC, State of New York
No. 01CL5021469
Qualified in New York County
Commission Expires Dec. 13, 2009